OPINION
Appellant Gary Summers is appealing the decision of the Tuscarawas County Court of Common Pleas that found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal. On May 1, 1995, appellant plead guilty to a charge of gross sexual imposition. On November 29, 1995, the trial court granted appellant probation and suspended an eighteen-month sentence. The terms of appellant's probation required him to spend thirty days in jail, complete all counseling and have no contact with the victim or his family. Appellant's probation officer filed a motion to revoke appellant's probation on April 4, 1996. The trial court conducted the probation revocation hearing on July 1, 1996. Following the hearing, the trial court revoked appellant's probation and imposed the eighteen-month sentence. Appellant served his sentence and was released from prison on March 9, 1997. Prior to his release, on February 25, 1997, the trial court scheduled a hearing for April 8, 1997, to determine if appellant should be classified a "sexual predator". Following the hearing in this matter, the trial court issued a judgment entry on August 19, 1997, designating appellant a "sexual predator" and therefore, subject to the registration requirements of R.C. Chapter 2950. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 1. THE TRIAL COURT'S DECISION IS NOT SUPPORTED BY LAW. 1. THE COURT'S DECISION DOES NOT SET FORTH ANY FACTS UPON WHICH IT CONCLUDES MR. SUMMERS IS REQUIRED TO REGISTER.
 2. THE FACTS AS SET FORTH IN THE RECORD CLEARLY SHOW THAT O.R.C. 2950.04 IS NOT APPLICABLE TO MR. SUMMERS.
 3. O.R.C. 2950.04 DID NOT BECOME EFFECTIVE UNTIL AFTER MR. SUMMERS SERVED THE ENTIRETY OF HIS SENTENCE AND WAS RELEASED FROM PRISON.
 I
Appellant contends, in support of his sole assignment of error, that only those persons whose cases are pending after the effective date of R.C. 2950.04 can be subject to the registration requirement. We agree, but find the trial court properly designated appellant a "sexual predator" under R.C. 2950.09(C)(1). R.C. 2950.04(A) addresses the duty to register and sets forth each class of offender that is required to register. The effective date of this statute was July 1, 1997. This statute provides, in pertinent part: (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register at the following time and with the following official: (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after the effective date of this section, the offender is released in any manner from the prison term, term of imprisonment, or confinement, * * *. (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after the effective date of this section and if division (A)(1) of this section does not apply, * * *. (3) If the sexually oriented offense was committed prior to the effective date of this section, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to the effective date of this section, the offender was a habitual sex offender who was required to register under Chapter 2950 * * *. We find none of the above subsections of R.C. 2950.04(A)(1) through (3) applicable to appellant. The trial court sentenced appellant prior to the effective date of the statute and reimposed the original eighteen-month sentence prior to the effective date of the statute. The record also indicates appellant was released from prison before the effective date of the statute. This precludes the application of R.C.2950.04(A)(1) and (2). We also find R.C. 2950.04(A)(3) inapplicable because appellant was not found to be a habitual sex offender prior to the effective date of this statute. Pursuant to R.C. 2950.04(A)(3), appellant could have been classified a habitual sex offender prior to his release from prison, and therefore, subject to the registration requirements of the statute. The state failed to attempt to have appellant classified a habitual sex offender prior to his release on March 9, 1997. Therefore, we find the trial court cannot impose upon appellant a duty to register pursuant to R.C. 2950.04. However, we do find appellant can be classified a "sexual predator" under R.C.2950.09, which addresses the sexual predator classification procedure. The effective date of this statute was January 1, 1997. R.C. 2950.09(C)(1) applies to appellant. The applicable subsection provides:
 (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. (Emphasis added.)
The record, in the case sub judice, indicates by judgment entry dated February 25, 1997, that the department of rehabilitation and correction recommended that appellant be adjudicated a sexual predator. This recommendation occurred prior to appellant's release from prison in March 1997. The fact that the trial court did not conduct the hearing and designate appellant a sexual predator prior to his release is immaterial. Based on our interpretation of R.C. 2950.09, we find subsection (C)(1) only requires the department of rehabilitation and correction make its recommendation prior to the offender's release. There is no requirement that an offender be designated a "sexual predator" prior to release from prison. However, as explained above, appellant is not required to register pursuant to R.C.2950.05(A)(1), (2), or (3). Therefore, we find the trial court properly designated appellant a "sexual predator". However, appellant is not subject to the registration requirement of R.C.2950.04. Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
By:
Wise, P. J. Hoffman, J., and Farmer, J., concur.